Mark H. Alquist, Esq. Informal Opinion County Attorney No. 98-53 County of Wayne Wayne County Court House 28 Church Street Lyons, New York 14489
Dear Mr. Alquist:
You have asked whether the current arrangement for the Wayne County Sheriff Department's provision of law enforcement at the Watkins Glen NASCAR races in Schuyler County is proper. You have described the arrangement in detail. You have advised us that for the past several years the Schuyler County Sheriff has declared a state of emergency when auto racing is scheduled at the Watkins Glen track and has requested mutual aid from the Sheriffs of surrounding counties and from local police departments.
You state that Wayne County regularly has sent many Sheriff's Deputies and Corrections Officers to Watkins Glen in response to requests for mutual aid. When such requests are made, a sign-up sheet is posted at the Wayne County Sheriff's Department. Deputies and Corrections Officers who wish to participate select specific dates and times for duty at the track. Wayne County personnel are permitted to work at the races when they are off duty, either on scheduled days off or on vacation days covered by legitimate time accruals.
You also have advised that Deputies who participate are in uniform and drive their patrol vehicles to Watkins Glen. Upon arrival at the track, they are sworn in as Schuyler County Sheriff's Deputies. Corrections Officers, who do security work at the track, also wear their own uniforms and are sworn in as peace officers by Schuyler County. Corrections Officers either travel with Deputies or arrange their own transportation to Watkins Glen. Schuyler County has agreed to accept responsibility for any liability resulting from actions of the Wayne County personnel and for any damage to patrol vehicles. This assumption of liability commences when the Deputies and their vehicles begin their trip to Schuyler County and continues until they return to their point of origin in Wayne County. There is no written agreement embodying this assumption of liability.
You note that Wayne County receives no compensation for the provision of personnel and vehicles to Schuyler County. Schuyler County does not compensate the Deputies or the Corrections Officers who participate. They are paid by the track, a private entity, and the track issues 1099 statements reflecting the compensation that is paid to the Deputies and Corrections Officers. You state that retired Deputies also respond to the Schuyler County Sheriff's call for mutual aid. They make independent arrangements with Schuyler County, apparently are sworn in as Deputies by Schuyler County and are paid by the track.
In our view, the mutual aid provisions of the General Municipal Law do not authorize the arrangement described above. Article 10 of the General Municipal Law provides for mutual aid service by local police forces outside their geographical jurisdictions. It authorizes the Sheriff of any county, when the public interest so requires, to declare a state of special emergency in any part of the county where the public peace is threatened or where life or property may be endangered. General Municipal Law § 209-f(2)(a). The Sheriff may request any other Sheriff to provide assistance by assigning available Deputies to the requesting Sheriff for duty and by providing equipment and supplies during such an emergency. The Sheriff requesting such aid is empowered to deputize as emergency special deputies any personnel so assigned. The statute also authorizes the responding Sheriff to provide the requested aid. Id., § 209-f(2)(b).
Liability in mutual aid situations is addressed by General Municipal Law § 209-g, which makes the requesting Sheriff responsible for the expenses of operation and maintenance of equipment supplied by another Sheriff and for any loss or damage to such equipment, provided a specified claim procedure is followed. The statute also makes the requesting Sheriff responsible for the salaries and other compensation of responding staff, although the responding county can assume the cost.Id., § 209-g(5). The statute makes no provision for payment of compensation to county personnel by a private party who is benefitted by the provision of law enforcement services. Therefore, the arrangement you have described, where off-duty personnel answer the call for mutual aid and are paid by the track, is not authorized under these provisions of the General Municipal Law.
An auto race by its nature raises safety concerns. A race that attracts a very large number of attendees implicates additional public safety concerns and requires increased crowd and traffic control. Presumably such an event falls within the intended purpose of the mutual aid provisions. Accordingly, the Schuyler County Sheriff could employ the mutual aid provisions of the General Municipal Law to obtain needed assistance. Compliance with the terms of the statute would be necessary.
Municipal cooperation may be another means of providing the additional law enforcement services required when racing is held in Watkins Glen. Under Article 5-G of the General Municipal Law, a municipality, including a county, may contract with another municipality for performance of any of its powers, duties and functions. Each contracting municipality must have the authority independently to perform the service that will be performed jointly under the agreement. General Municipal Law §§119-n(c), 119-o(1). We previously have opined that municipalities that are empowered to provide law enforcement may contract to assist one another in doing so. Op Atty Gen (Inf) No. 92-17. Schuyler and Wayne Counties thus are authorized to enter an agreement to cooperate with one another in arranging law enforcement coverage at the Watkins Glen track as appropriate. In our prior opinion, we noted that a municipal cooperation agreement extends appropriate territorial jurisdiction to the police officers for undertaking their responsibilities under the cooperation agreement. Under such an agreement, therefore, Wayne County Deputies could carry out law enforcement duties in Schuyler County as though they were in their home county. The statute suggests a number of issues that may be addressed by the terms of a municipal cooperation agreement, including the manner in which participating municipalities employ and compensate necessary personnel. General Municipal Law §119-o(2)(b).
We note that County Law § 215(3) authorizes counties to accept gifts for lawful county purposes. Under this provision, Schuyler County could accept an unconditional gift from the track for lawful County purposes. The track could not require a particular use of the gift. Only the County's legislative body can determine the use of such funds, based solely on its assessment of overall public needs. Consistent with this standard the County could, in its discretion, to protect the public health and safety, use a gift for law enforcement purposes and defray the cost of mutual aid or municipal cooperation.
Also, in a prior opinion, we recognized that as a general rule, in the absence of a contrary local law or regulation, police officers are not prohibited from accepting outside employment during off-duty hours. Op Atty Gen (Inf) No. 85-45. In such cases, however, the officers would be subject to the direction of the private employer, who would be responsible for all compensation, benefits and related costs. Use of official vehicles owned by a municipality would not be appropriate in such circumstances. Moreover, off-duty employment cannot violate common law conflict of interests doctrines. See, Op Atty Gen (Inf) No. 85-45. Thus, if local legislation does not bar outside employment and if the particular employment does not present a conflict of interests, off-duty Wayne County Deputies may be employed in a private capacity by the Watkins Glen track and compensated directly by the track.
We conclude that the arrangement you describe for assignment of Wayne County Deputies and Corrections Officers to provide law enforcement at the Watkins Glen racetrack in Schuyler County is not authorized by the mutual aid provisions of the General Municipal Law.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY
Assistant Attorney General